POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant Olger Guri and Proposed Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KEN KULA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTLY, INC., TODD NIGHTINGALE, and RONALD W. KISLING,<br><br>Defendants. | Case No.: 4:24-cv-03170-JST<br><br>NOTICE OF MOTION AND MOTION OF OLGER GURI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>CLASS ACTION<br><br>Date: September 26, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 – 2nd Floor |

# TABLE OF CONTENTS


NOTICE OF MOTION ..... 1

STATEMENT OF ISSUES ..... 2

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. PRELIMINARY STATEMENT ..... 2

II. STATEMENT OF FACTS ..... 3

III. ARGUMENT ..... 6

A. GURI SHOULD BE APPOINTED LEAD PLAINTIFF ..... 6

1. Guri Is Willing to Serve as Class Representative ..... 7

2. Guri Has the "Largest Financial Interest" in the Action ..... 7

3. Guri Otherwise Satisfies the Requirements of Rule 23 ..... 8

4. Guri Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..... 10

B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..... 11

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Erickson, et al. v. Snap, Inc., et al.*,
No. 17-cv-03679 (C.D. Cal.) .......... 12

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .......... 9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) .......... 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .......... 8

*In re Comverse Technology, Inc. Securities Litigation*,
No. 1:06-cv-01825 (E.D.N.Y.) .......... 12

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.) .......... 11

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) .......... 9

*Klein v. Altria Group, Inc. et al.*,
No. 3:20-cv-00075 (E.D. Va.) .......... 12

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .......... 8

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .......... 7, 8

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .......... 8

*Osher v. Guess?, Inc.*,
No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .......... 11

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .......... 9

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .......... 10

**Statutes**

15 U.S.C. § 78u-4 ........ *passim*

Private Securities Litigation Reform Act of 1995 ........ *passim*

Securities Exchange Act of 1934 ........ 1, 2, 9

**Rules**

Fed. R. Civ. P. 23 ........ *passim*

**NOTICE OF MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on September 26, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Jon S. Tigar, in Courtroom 6, 2nd Floor, United States Courthouse, 1301 Clay Street, Oakland, California 94612, Olger Guri ("Guri") will and hereby does respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Guri as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons who purchased or otherwise acquired publicly traded Fastly, Inc. ("Fastly" or the "Company") securities between February 15, 2024 and May 1, 2024, inclusive ("Class Period"); and (2) approving Guri's selection of Pomerantz LLP ("Pomerantz") and the Schall Law Firm ("Schall") as Co-Lead Counsel for the Class.

This motion is made on the grounds that Guri believes he is the most adequate plaintiff of the Class within the meaning of the PSLRA based on, *inter alia*, the number of shares of Fastly stock that he purchased during the Class Period and retained at the end of the Class Period, and the significant losses that he incurred as a result of the fraud alleged in the Action. Guri also satisfies the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of other Class members' claims and he will fairly and adequately represent the Class's interests. In addition, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. Guri's choice of counsel, Pomerantz and Schall, have the skill, knowledge, expertise, and experience that will enable the firms to prosecute this Action effectively and expeditiously under Guri's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

**STATEMENT OF ISSUES**

1. Whether Guri is the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

2. Whether to approve Guri's selection of Co-Lead Counsel, Pomerantz and Schall, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Fastly investors, including Guri, incurred significant losses following the disclosure of the alleged fraud, which caused Fastly's stock price to fall sharply, damaging Guri and other Fastly investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies Rule 23's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Guri purchased 65,009.49371 shares of Fastly stock, expended $866,225 on these purchases, retained 65,009.49371 of his shares of Fastly stock, and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $294,792. *See* Pafiti Decl., Exhibit ("Ex.") A. Accordingly, Guri believes that he has the largest financial interest in the relief sought in the Action. Beyond his considerable financial interest, Guri also satisfies Rule 23's applicable requirements because his claims are typical of those of absent Class members and he will fairly and adequately represent the Class's interests.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Guri has selected Pomerantz and Schall as Co-Lead Counsel for the Class. Pomerantz and Schall are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes.

Accordingly, Guri respectfully requests that the Court enter an Order appointing Guri as Lead Plaintiff for the Class and approving his selection of Pomerantz and Schall as Co-Lead Counsel for the Class.

## II. STATEMENT OF FACTS

As alleged in the Complaint in the Action, Fastly operates an edge cloud platform for processing, serving, and securing customer's applications. Complaint ¶ 2. The edge cloud is a category of Infrastructure-as-a-Service that purportedly enables developers to build, secure, and deliver digital experiences. *Id.* Fastly's platform includes a Content Delivery Network ("CDN"), or a geographically distributed network of proxy servers and their data centers. *Id.* Content owners such as media companies and e-commerce vendors pay CDN operators to deliver their content to their end users. *Id.* Certain companies have adopted a "Multi-CDN" framework which combines multiple CDNs from various providers into one large global network. *Id.*

In 2023, a "consolidation trend" emerged in the CDN industry, in which several prominent Multi-CDN companies reduced the number of CDN vendors they had previously managed in an effort to simplify their operations and increase efficiency, opting instead to manage fewer CDN vendors. *Id.* ¶ 3. Facing reduced competition, Fastly was able to materially increase its market share and drive favorable sequential growth. *Id.*

On February 14, 2024, Fastly issued a press release providing full year ("FY") 2024 revenue guidance in a range of $580 million to $590 million. *Id.* ¶ 4. In that same press release, Fastly's Chief Executive Officer Defendant Todd Nightingale ("Nightingale") was quoted as stating, "***[t]his quarter demonstrated the progress we've made in operational and financial rigor*** resulting in strong gross margins and non-GAAP net income," and "***[o]ur go-to-market, packaging and channel efforts through 2023 delivered an inflection in our customer acquisition as we closed out the year. This positions us well for 2024***, driving our mission to make every user experience fast, safe, and engaging." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) contrary to its representations to investors, Fastly was in fact experiencing a significant deceleration in growth among its largest customers and was losing the increased market share it had gained as a result of the 2023 CDN consolidation trend; (ii) the foregoing issues were likely to have a material negative impact on the Company's revenue growth; (iii) accordingly, the Company was unlikely to meet its own previously issued revenue guidance for FY 2024; (iv) as a result, the Company's financial position and/or prospects were overstated; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On May 1, 2024, Fastly announced its first quarter ("Q1") 2024 financial results. *Id.* ¶ 6. Despite the Defendants' positive statements just three months earlier about Fastly's performance and near-term business prospects, the Company reported revenue of only $133.52 million, missing consensus estimates by $0.35 million. *Id.* The Company also lowered its FY 2024 revenue guidance to a range of $555 million to $565 million, significantly below its previously

issued FY 2024 revenue guidance of $580 million to $590 million, and likewise below consensus estimates of $584.62 million for the same period. *Id.*

That same day, Fastly held a conference call with investors and analysts to discuss the Company's Q1 2024 results. *Id.* ¶ 7. In explaining the Company's disappointing revised FY 2024 outlook, Defendant Nightingale stated that "[t]he biggest factor is a reduction of revenue from a small number of our largest customers. The first-quarter revenue from our top 10 customers dropped from 40% to 38%[,]" and that the Company saw "significant volatility" in the Multi-CDN strategy run by many of Fastly's top 10 accounts. *Id.* Further, Fastly's Chief Financial Officer Defendant Ronald Kisling stated that the Company is "facing a challenging environment of revenue declines in our largest customers, overshadowing the impact of new customer acquisition and product pipeline[,]" and that the Company would not benefit in 2024 from the favorable impact of the early 2023 CDN consolidation that drove favorable sequential growth in the prior year same period. *Id.*

Then, on May 2, 2024, Bank of America downgraded Fastly stock from a "Buy" rating to an "Underperform" rating and cut its price target on the stock from $18 per share to a mere $8 per share, noting that "[d]ecelerating growth in Fastly's largest customers, share loss in delivery, and limited visibility in 2H cause us to question a rebound in 2024," and that "[w]hile we continue to like Fastly's positioning in the edge compute market, we see it as a 2025 opportunity instead of a near-term growth driver." *Id.* ¶ 8.

Following these developments, Fastly's stock price fell $4.14 per share, or 32.02%, to close at $8.79 per share on May 2, 2024. *Id.* ¶ 9.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 10.

## III. ARGUMENT

### A. GURI SHOULD BE APPOINTED LEAD PLAINTIFF

Guri should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Guri satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1. Guri Is Willing to Serve as Class Representative**

On May 24, 2024, the statutorily required Notice of the Action was caused to be published via *Accesswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed against Fastly and other defendants, and which advised investors in Fastly stock that they had until July 23, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Guri has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id*, Ex. C. Accordingly, Guri satisfies the first requirement to serve as Lead Plaintiff of the Class.

**2. Guri Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Guri has the largest financial interest of any Fastly investor or investor group seeking to serve as lead plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended

during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test[.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Guri: (1) purchased 65,009.49371 shares of Fastly stock; (2) expended $866,225 on his purchases of Fastly stock; (3) retained 65,009.49371 of his shares of Fastly stock; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $294,792 in connection with his Class Period purchases of Fastly stock. *See* Pafiti Decl., Ex. A. To the extent that Guri possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Guri Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Guri's claims are typical of those of the Class. Guri alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Fastly, or by omitting to state material facts necessary to make the statements they did make not misleading. Guri, like other Class members, purchased Fastly securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Fastly's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Guri is an adequate representative for the Class. Here, Guri has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no evidence of antagonism or conflict between Guri's interests and those of the Class, and Guri's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Guri has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and Schall to the Court for approval as Co-Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Guri has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

**4. Guri Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Guri as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Guri's ability and desire to fairly and adequately represent the Class has been discussed above. Guri is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Guri should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Guri has selected Pomerantz and Schall as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever

achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al.*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

Schall likewise possesses a high degree of skill and professionalism, and has a history of successfully litigating complex matters, including several securities class actions throughout the United States. *See id.*, Ex. F. Indeed, while serving as co-counsel, Schall played an integral role in *Erickson, et al. v. Snap, Inc., et al.*, No. 17-cv-03679 (C.D. Cal.), securing the second largest securities class action settlement recovery in the United States in 2021. *See id.*

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Guri's counsel, Pomerantz and Schall, have the skill, knowledge, expertise, and experience that will enable the firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Guri's selection of Pomerantz and Schall as Co-Lead Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Guri respectfully requests that the Court issue an Order: (1) appointing Guri as Lead Plaintiff for the Class; and (2) approving Guri's selection of Pomerantz and Schall as Co-Lead Counsel for the Class.

Dated: July 23, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024

Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Olger Guri and Proposed Co-Lead Counsel for the Class*

THE SCHALL FIRM
Brian Schall
Brian R. England
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com
Briane@schallfirm.com

*Counsel for Lead Plaintiff Movant Olger Guri and Proposed Co-Lead Counsel for the Class*

**PROOF OF SERVICE**

I hereby certify that on July 23, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti