POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Olger Guri and Proposed Co-Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KEN KULA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTLY, INC., TODD NIGHTINGALE, and RONALD W. KISLING,<br><br>Defendants. | Case No.: 4:24-cv-03170-JST<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF OLGER GURI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br><u>CLASS ACTION</u><br><br>Date:  September 26, 2024<br>Time:  2:00 p.m.<br>Judge:  Hon. Jon S. Tigar<br>Courtroom:  6 – 2nd Floor |

Movant Guri[1] respectfully submits this memorandum of law in further support of his motion for consolidation, appointment as Lead Plaintiff, and approval of his selection of Pomerantz and Schall as Co-Lead Counsel (Dkt. No. 25); and in opposition to the competing motions of: (i) Nathan Wiertzema ("Wiertzema") (Dkt. No. 15), (ii) Anna Krusanova ("Krusanova") (Dkt. No. 19), and (iii) Diego Alcoceba ("Alcoceba") (Dkt. No. 28).

## I.    PRELIMINARY STATEMENT

The Action is a putative securities class action lawsuit on behalf of investors in Fastly securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Guri, having suffered approximately ***$294,792*** in losses in connection with his Class Period purchases of Fastly securities.  *See* Dkt. No. 25-3.  The table below sets forth the losses of Guri compared to those of the other movants:

| Movant | Loss |
|---|---|
| Guri | $294,792 |
| Wiertzema | $211,789.09 |
| Krusanova | $74,181.84 |
| Alcoceba | $14,337.62 |

Guri's $294,792 loss is significantly larger than that of any competing movant, exceeding that incurred by Wiertzema, the movant with the next-largest loss, by more than $83,000.  As such, Guri has the greatest financial interest of the PSLRA of any putative Class member seeking

[1] All capitalized terms herein are defined in Guri's moving brief, unless otherwise indicated. *See* Dkt. No. 25.

1

appointment as Lead Plaintiff. *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (emphasizing loss in assessing financial interest); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

In addition to his significant financial interest, Guri also satisfies the adequacy and typicality requirements of Rule 23. Guri is aware of no conflict between his interests and those of the Class, his losses incurred as a result of the Defendants' alleged malfeasance gives him a sufficient stake in the outcome of the Action to ensure vigorous advocacy, and in Pomerantz and Schall, Guri has retained qualified and experienced counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019). Moreover, Guri's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members. *See, e.g., Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Further demonstrating his adequacy, Guri has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 25-6.

For the foregoing reasons, Guri respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF OLGER GURI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 4:24-cv-03170-JST

## II.    ARGUMENT

### A.    GURI SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  At this stage, the movant that has the largest financial interest need only make a *prima facie* showing that it satisfies the adequacy and typicality requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4 (a)(3)(B)(iii)(II).  Here, the most adequate class representative for the Class is Guri.

### 2.    Guri Has the "Largest Financial Interest" in the Action

The PSLRA requires the court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  As the chart at p. 1 reflects, Guri incurred losses of approximately $294,792 as a result of the malfeasance alleged in this Action, over $83,000 larger than the losses alleged by Wiertzema, the movant with the next-largest loss.  Guri thus has the "largest financial interest" in this litigation within the meaning of the PSLRA.

### 3.    Guri Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Guri has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.  *See Cavanaugh*, 306 F.3d at 730-31.  First, Guri's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See, e.g., Vataj*, 2020 WL

532981, at *3.  Guri, like all members of Class, purchased Fastly securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23.  *Vataj*, 2020 WL 532981, at *3.   Second, Guri satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.  *See*, *e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.  Guri further demonstrated his adequacy by submitting, with his motion papers, a Declaration attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 25-6.

\* \* \* \* \*

Because Guri has the largest financial interest of any eligible Lead Plaintiff applicant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Guri to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF OLGER GURI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 4:24-cv-03170-JST

00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Guri has selected Pomerantz and Schall as Co-Lead Counsel for the Class. As their resumes reflect, Pomerantz and Schall are highly experienced in the areas of securities litigation and class actions, having successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See generally* Dkt. No. 25-7. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* Schall likewise possesses a high degree of skill and professionalism, and has a history of successfully litigating complex matters, including several securities class actions throughout the United States. *See generally* Dkt. No. 25-8. Indeed, while serving as co-counsel, Schall played an integral role in *Erickson, et al. v. Snap, Inc., et al.*, No. 17-cv-03679 (C.D. Cal.), securing the second largest securities class action settlement recovery in the United States in 2021. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, Guri respectfully requests that the Court issue an Order: (1) appointing Guri as Lead Plaintiff for the Class; and (2) approving Guri's selection of Pomerantz and Schall as Co-Lead Counsel for the Class.

Dated:  August 6, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Olger*
*Guri and Proposed Co-Lead Counsel for*
*the Class*

THE SCHALL FIRM
Brian Schall
Brian R. England
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com
Briane@schallfirm.com

*Counsel for Lead Plaintiff Movant Olger*
*Guri and Proposed Co-Lead Counsel for*
*the Class*

6
MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF OLGER GURI FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS
- 4:24-cv-03170-JST

**<u>PROOF OF SERVICE</u>**

I hereby certify that on August 6, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF OLGER GURI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 4:24-cv-03170-JST