**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Nathan Wiertzema*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN KULA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTLY, INC., TODD NIGHTINGALE, and RONALD W. KISLING,<br><br>Defendants. | Case No.: 4:24-cv-03170-JST<br><br>**NATHAN WIERTZEMA'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Date:       September 26, 2024<br>Time:       2:00 p.m.<br>Courtroom:  6-2nd Floor<br>Judge:      Hon. Jon S. Tigar |

## <u>TABLE OF CONTENTS</u>

I.       PRELIMINARY STATEMENT ................................................................. 1

II.      ARGUMENT ....................................................................................... 2

         A.      Mr. Guri Fails to Address His Rule 23 Shortcomings. ................. 2

         B.      No Proof Exists to Rebut the Strong Presumption in Favor of Appointing Mr.
                 Wiertzema as Lead Plaintiff. ........................................................ 5

III.     CONCLUSION .................................................................................... 6

NATHAN WIERTZEMA'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING
LEAD PLAINTIFF MOTIONS

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Andrade v. Am. Apparel*,
    CV 10-06352 MMM (RCx), 2011 WL 13131110 (C.D. Cal. Jan. 21, 2011)..................................4

4

*Applestein v. Medivation, Inc.*,
    No. C 10-00998 MHP, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)..........................................4

5

6

*Bhojwani v. Pistrolis*,
    No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588 (S.D.N.Y. July 31, 2017)..............................3

7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..............................................................................................4, 5

8

9

*In re Gemstar-Tv Guide Int'l, Inc. Sec. Litig.*,
    209 F.R.D. 447 (C.D. Cal. 2002) .........................................................................................3

10

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014)...............................................................................................................5

11

12

*Hufnagle v. Rino Int'l Corp.*,
    No. CV 10–8695–VBF (VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011),
    adopted, Nos. CV 10–8695–VBF (VBKx), et. al., 2011 WL 710676 (C.D. Cal.
    Feb. 16, 2011) ....................................................................................................................6

13

14

*Irving Firemen's Relief and Ret. Fund v. Tesco PLC*,
    Nos. 14 Civ. 8495(RMB), et. al., 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015)...........................3

15

16

*Landry v. Price Waterhouse Chartered Accountants*,
    123 F.R.D. 474 (S.D.N.Y. 1989) ..........................................................................................4

17

*Nager v. Websecure, Inc.*,
    Nos. 97-10662-GAO, et. al., 1997 WL 773717 (D. Mass. Nov. 26, 1997)...................................3

18

19

*In re Netflix, Inc., Sec. Litig.*,
    No. 12-cv-0225, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012)....................................................4

20

*In re Network Associates, Inc., Sec. Litig.*,
    76 F.Supp.2d 1017 (N.D. Cal. 1999) .....................................................................................4

21

22

*Plaut v. Goldman Sachs Grp., Inc.*,
    18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ...........................................3

23

24

*In re Peregrine Sys., Inc. Sec. Litig.*,
    No. Civ.02 CV 870–J(RBB), 2002 WL 32769239 (S.D. Cal. Oct. 11, 2022)................................4

25

*Shiring v. Tier Techs., Inc.*,
    244 F.R.D. 307 (E.D. Va. 2007) ...........................................................................................3

26

27

*Smajlaj v. Brocade Commc'ns Sys.*,
    No. C 05–02042 CRB, 2006 WL 7348107= (N.D. Cal. 2006) ...................................................4

28

*In re Stitch Fix, Inc. Sec. Litig.*,
    393 F. Supp. 3d 833 (N.D. Cal. 2019) ...................................................................................4

iii

*Stuart v. Radioshack Corp.*,
    No. C-07-4499 EMC, 2009 WL 281941 (N.D. Cal. Feb. 5, 2009) ...................................................4

*Tsirekidze v. Syntax- Brillian Corp.*,
    Nos. CV-07-2204-PHX-FJM, et al., 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ...........................1

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
    Civil Action No. 07–177 (FLW), 2007 WL 2683636 (D.N.J. Sept. 7, 2007) .................................3

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ...............................................................................................................................5

## I.  PRELIMINARY STATEMENT

Nathan Wiertzema is the "most adequate plaintiff" and respectfully submits this reply memorandum in further support of his motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of his selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class.

On July 23, 2024, Mr. Wiertzema timely submitted his motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action"). *See* ECF No. 15. Three other competing motions for appointment as Lead Plaintiff were filed by Olger Guri, Anna Krusanova, and Diego Alcoceba. *See* ECF Nos. 19; 25; and 28. On August 6, 2024, the day oppositions were due, movants Diego Alcoceba and Anna Krusanova withdrew their motions, with Diego Alcoceba acknowledging that he did not have the largest financial interest in the relief sought by the class. *See* ECF Nos. 34 and 37. Additionally, neither Diego Alcoceba or Anna Krusanova offered any proof that Mr. Wiertzema failed to satisfy Rule 23 or challenged Mr. Wiertzema's ability to lead this litigation as Lead Plaintiff. Mr. Wiertzema and Mr. Guri timely filed opposition briefs on August 6, 2024, and are the only two lead plaintiff movants remaining. *See* ECF Nos. 35 and 36.

In fact, Mr. Guri does not challenge Mr. Wiertzema's losses, adequacy, typicality or ability to oversee the litigation. Indeed, there has been "no argument against [Mr. Wiertzema] other than pointing out [his] relatively low financial stake in the litigation." *Tsirekidze v. Syntax- Brillian Corp.*, Nos. CV-07-2204-PHX-FJM, et al., 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing investor that lacked the largest financial interest as lead plaintiff); *see also* ECF No. 35 (the Opposition Brief of Mr. Guri) (making no substantive arguments against Mr. Wiertzema other than stating his financial interest is smaller than the financial interest claimed by Mr. Guri). This is Mr. Guri's **only** argument against Mr. Wiertzema, and it is irrevelant considering he does not meet Rule 23's typicality requirements and is subject to unique defenses.

As discussed in Mr. Wiertzema's opposition brief, Mr. Guri's motion has several red flags that

1    he so far has neglected to correct. First, Mr. Guri has yet to explain why his certification and loss chart

2    do not match, specifically why the certification shows fractional shares where his loss chart does not.

3    *See* ECF Nos. 25-3 and 25-5. Second, the fact that Mr. Guri purchased fractional shares—when

4    fractional shares are ordinarily not available for purchase on NYSE traded stocks—suggests he was

5    operating under an atypical trading strategy. Lastly, Mr. Guri fails to provide assurances that the

6    foregoing issues will not subject him to unique defenses. Mr. Guri's vague description as to his

7    background and occupation further undermine the conclusion that he would be an adequate lead

8    plaintiff.

9            Mr. Wiertzema, on the other hand, presents none of these issues. He easily meets the typicality

10   and adequacy requirements of Rule 23. Mr. Wiertzema is typical as he acquired 45,590 Fastly shares

11   during the Class Period, held 37,722 shares, and suffered a recoverable loss of $211,798.09. Nor does

12   Mr. Wiertzema have any interests adverse to the Class and, as demonstrated in his declaration filed

13   with his opening motion, he will zealously represent the Class. *See* ECF No. 15-5. Mr. Wiertzema is

14   also adequate as he shares common interests with the unnamed Class members; and he will vigorously

15   prosecute the Actions with the assistance of his qualified chosen counsel. Moreover, Mr. Wiertzema is

16   ideally suited to serve as lead plaintiff given his 5 years of investing experience, bachelor's degree in

17   business, and his commitment to act in the best interest of the Class, obtain the largest recovery possible,

18   and provide effective representation.

19           Accordingly, for these reasons, Mr. Wiertzema respectfully requests that the Court grant his

20   motion in its entirety and deny the competing motions.

21   **II.  ARGUMENT**

22       **A.  Mr. Guri Fails to Address His Rule 23 Shortcomings.**

23           In Mr. Guri's opposition brief, he claims that he is entitled to the "most adequate plaintiff"

24   presumption simply because he claims to have the largest financial interest. *See* ECF No. 35. But this

25   is entirely against both the PSLRA and case law. Not only does the "most adequate plaintiff" need to

26   have the "largest financial interest" they must also satisfy Rule 23's typicality and adequacy

27   requirements ***before*** the presumption is triggered. Here, Mr. Guri has shown that he is neither an

28

adequate Class repsentantive nor typical of the Class he seeks to represent.

First, Mr. Guri has failed to cure the discrepancy between his certification and his loss chart. Mr. Guri's certification shows the number of Fastly shares purchased as 65,009.49371, compared to the loss chart that shows 65,009. *See* ECF Nos. 25-3 and 25-5. His failure to explain this inconsistancy shows that Mr. Guri is not invested in this litigation and inadeqaute to serve as Lead Plaintiff. *See Irving Firemen's Relief and Ret. Fund v. Tesco PLC,* Nos. 14 Civ. 8495(RMB), et. al., 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (finding that the court's inability to verify movant's financial interest due to "discrepancies" in certification "'undermines [its] adequacy'"); *Plaut v. Goldman Sachs Grp., Inc.*, 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (denying lead plaintiff motion because "certification errors in [movant's] submissions" were not "clerical error[s]" or "'minor defect[s]'" and spoke "'to a level of carelessness'"); *Bhojwani v. Pistrolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2017) (declining to appoint movant as lead plaintiff because "the fact that the data [underlying his claimed loss] still do not quite add up indicates a certain carelessness about detail that undermines the adequacy of [movant] (and his associated group) as a lead plaintiff"); *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007) ("Plaintiff's inadvertence or his indifference . . . demonstrates a lack of diligence and candor that . . . counsel against a finding of adequacy."); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, Civil Action No. 07–177 (FLW), 2007 WL 2683636, at *8-9, n.8 (D.N.J. Sept. 7, 2007) (finding movant inadequate, including because of "misinformation" stated in certification); *Nager v. Websecure, Inc.,* Nos. 97-10662-GAO, et. al., 1997 WL 773717, at *1 n.1 (D. Mass. Nov. 26, 1997) (finding that although "[t]he inaccuracy [in the movant's affidavit] may be explainable, . . . it casts sufficient doubt on [the movant's] adequacy as a representative plaintiff that he should be excluded" from serving as lead plaintiff); *In re Gemstar-Tv Guide Int'l, Inc. Sec. Litig.,* 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [the individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them").

Second, Mr. Guri fails to provide an explanation for his atypical trading strategy that resulted in his acquisition of fractional shares. This lack of transparency is concerning and may result in the need for discovery, causing undue delay to the proceedings. *See Applestein v. Medivation, Inc.*, No. C

10-00998 MHP, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) ("the lack of transparency and publically [sic] available information about [movant] makes it impossible for the parties and the court to determine whether or not [movant] is a typical investor"); *Smajlaj v. Brocade Commc'ns Sys.*, No. C 05–02042 CRB, 2006 WL 7348107, at *3 (N.D. Cal. 2006) (movant rejected as lead plaintiff because, after many rounds of discovery, there were "too many questions surrounding Intrepid's standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole"); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (noting that the "district court may need to hold an evidentiary hearing" to "make a renewed determination of typicality and adequacy"); *Andrade v. Am. Apparel*, CV 10-06352 MMM (RCx), 2011 WL 13131110, *3 (C.D. Cal. Jan. 21, 2011) (granting discovery to determine whether movant was "suitable plaintiff" because of "'concerns about shareholder's transparency and its trading practices'").

Lastly, Mr. Guri fails to provide assurances that the foregoing issues will not subject him to unique defenses that will render him incapable to represent the Class. *See Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2009 WL 281941, at *7 (N.D. Cal. Feb. 5, 2009) (unique defense need only be "arguably present" to defeat class certification) (citation and internal quotations omitted); *In re Network Associates, Inc., Sec. Litig.*, 76 F.Supp.2d 1017, 1029 n.4 (N.D. Cal. 1999) (asking "whether a class member encumbered with such unique issues as [movant] should be allowed to serve as the lead plaintiff under the PSLRA"); *In re Peregrine Sys., Inc. Sec. Litig.*, No. Civ.02 CV 870–J(RBB), 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2022) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely "vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality") (citing *Applestein*, 2010 WL 3749406, at *4); *In re Netflix, Inc., Sec. Litig.*, No. 12-cv-0225, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.").

Although Mr. Guri submitted a declaration in support of his motion, it did not provide pertinent information concerning his backgroud and occupation. Specifically, Mr. Guri states in his declaration that he possesses "a Bachelor's Degree" and is "a business owner" that has been "investing in the securiites markets for apprxoimately 6 years." ECF No. 25-6 at ¶2. While unclear how this qualifies him to serve as lead plaintiff, it also emphasizes the concerns about Mr. Guri's atypical trading strategy. If his "business" entails active trading with atypical strategies, *e.g.*, algorithmic trading, then his investment in Fastly would not be causally connected to the alleged false information at the center of this case. This would, of course, jeopardize the class's ability to rely on the "fraud on the market" theory when arguing the element of "reliance" at class certification. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 278 (2014).

Based Mr. Guri's inability to cure the discrepancy between his certification and his loss chart, and his refusal to explain his atypical trading strategy, Mr. Guri would be subject to unique defenses and should not be appointed class representtive.

**B. No Proof Exists to Rebut the Strong Presumption in Favor of Appointing Mr. Wiertzema as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Wiertzema has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Wiertzema, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Wiertzema's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Wiertzema "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Wiertzema is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10–8695–VBF (VBKx), 2011 WL 710704, at *6 -9 (C.D. Cal. Feb. 14, 2011), adopted, Nos. CV 10–8695–VBF (VBKx), et. al., 2011 WL 710676

(C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that Mr. Guri cannot do. Accordingly, Mr. Wiertzema's motion should be granted in its entirety.

**III. CONCLUSION**

For the foregoing reasons, Mr. Wiertzema respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Wiertzema as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: August 13, 2024                       Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Nathan Wiertzema and Proposed Lead Counsel for the Class*

NATHAN WIERTZEMA'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING
LEAD PLAINTIFF MOTIONS