LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Samantha Kaplan (Bar No. 353933)
 *samantha.kaplan@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 *daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,*
*Todd Nightingale, and Ronald W. Kisling*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| IN RE FASTLY, INC. SECURITIES LITIGATION | CASE NO. 4:24-cv-03170-JST |
|---|---|
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Date: June 12, 2025<br>Time: 2:00 P.M.<br>Courtroom: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

## I.    INTRODUCTION

Defendants Fastly, Inc. ("Fastly" or the "Company"), Todd Nightingale, and Ronald W. Kisling (collectively, "Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with Defendants' Motion to Dismiss ("Motion to Dismiss") the Amended Complaint (Dkt. No. 53, the "AC" or "Amended Complaint") filed by Lead Plaintiff Olger Guri ("Plaintiff"):[1]

- **Exhibit A** – a true and correct copy of Fastly's quarterly report on Form 10-Q for the period ended March 31, 2024, which was filed with the United States Securities and Exchange Commission ("SEC") on May 1, 2024 ("Q1 2024 10Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit B** – a true and correct copy of Fastly's annual report on Form 10-K for fiscal year 2023, which was filed with the SEC on February 21, 2024 ("FY 2023 10K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit C** – a true and correct copy of Fastly's quarterly report on Form 10-Q for the period ended September 30, 2023, which was filed with the SEC on November 1, 2023 ("Q3 2023 10Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit D** – a true and correct copy of the transcript of Fastly's November 1, 2023 call discussing quarterly financial results for the third quarter of 2023 ("Q3 2023 Earnings Call"), which is publicly available on the Company's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit E** – a true and correct copy of the transcript of Fastly's November 15, 2023 presentation at the RBC Capital Markets 2023 Technology, Internet, Media and Telecommunications Conference ("11/15/23 RBC Conf. Tr."), which is publicly available at https://www.capitaliq.com.

- **Exhibit F** – a true and correct copy of the transcript of Fastly's February 14, 2024 call discussing financial results for the fourth quarter and full year 2023 ("FY 2023 Earnings Call"), which is publicly available on the Company's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit G** – a true and correct copy of the transcript of Fastly's May 1, 2024 call discussing financial results for the first quarter of 2024 ("Q1 2024 Earnings Call"), which is publicly available on the Company's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

---

[1] The Exhibits are listed in the order they are cited in Defendants' Motion to Dismiss.

- **Exhibit H** – a true and correct copy of the transcript of Fastly's August 7, 2024 call discussing financial results for the second quarter of 2024 ("Q2 2024 Earnings Call"), which is publicly available on the Company's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit I** – a true and correct copy of a February 15, 2024 analyst report titled "Mixed Quarter And Outlook Driven By International Weakness. Lowering To HOLD," issued by Craig Hallum ("2/15/24 Craig Hallum Report"), which is available at https://www.capitaliq.com.

- **Exhibit J** – true and correct copies of Forms 4 reflecting transactions in Fastly securities by Mr. Kisling between November 2023 and July 2024, which were filed with the SEC and are publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit K** – true and correct copies of Forms 4 reflecting transactions in Fastly securities by Mr. Nightingale between November 2023 and May 2024, which were filed with the SEC and are publicly available on the SEC website at www.sec.gov/edgar.

Each of these documents may properly be considered by the Court in connection with Defendants' Motion to Dismiss because it is (a) incorporated by reference into the Amended Complaint and/or (b) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

## II.    LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of

documents that support their claims, while omitting portions that weaken their claims.")  A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Khoja*, 899 F.3d at 1002; *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020) (complaint's "extensive[]" references to company's financial results warrants incorporating its SEC filings by reference); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings forming the basis of plaintiff's claims were incorporated by reference into complaint); *Park v. GoPro, Inc.,* 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (holding that SEC filings, including those plaintiffs "quoted several times in the Amended Complaint," may be incorporated by reference).

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction" or (b) "can be accurately and readily determined  from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."  *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims.").  Likewise, courts "routinely take judicial notice of analyst reports," as they "may be considered to show what information was available to the market."  *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024).

## III.   ARGUMENT

### A.   The Amended Complaint Incorporates Exhibits A, B and E-I by Reference

Plaintiff references Exhibits A, B, and E through I extensively in the Amended Complaint and necessarily relies on them to form the basis of his claims.  These exhibits are thus properly considered by the Court in their entirety pursuant to the incorporation by reference doctrine.

Plaintiffs extensively cite and quote the following in support of their allegations:

- **Exhibit A, the Q1 2024 10Q** – Plaintiff relies on Exhibit A as the source of several challenged statements underlying Plaintiff's securities fraud claims, including Fastly's risk disclosures and other statements about revenue growth, usage of Fastly's servers and Fastly's customer retention and sales strategy. *See e.g.*, AC ¶¶ 30, 32, 171-79.  But Plaintiff points only to certain portions of Exhibit A while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit B, the FY 2023 10K** – Plaintiff relies on Exhibit B as the source of several challenged statements underlying Plaintiff's securities fraud claims, including Fastly's risk disclosures and other statements about revenue growth, usage of Fastly's servers and Fastly's customer retention and sales strategy.  *See e.g.*, AC ¶¶ 21, 135-48.  But Plaintiff points only to certain portions of Exhibit B while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit E, the RBC Conference Transcript** – Plaintiff relies on Exhibit E as the source of several challenged statements underlying Plaintiff's securities fraud claims, including statements made by Mr. Nightingale about macroeconomic headwinds and revenue growth.  *See e.g.*, AC ¶¶ 10, 117-21.  But Plaintiff points only to certain portions of Exhibit E while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit F, the Q4 2023 Earnings Call** – Plaintiff relies on Exhibit F as the source of several challenged statements underlying Plaintiff's securities fraud claims, including statements made by Messrs. Nightingale and Kisling about revenue growth, usage of Fastly's servers, and Fastly's customer retention and sales strategy.  *See e.g.*, AC ¶¶ 15, 20, 124-132.  But Plaintiff points only to certain portions of Exhibit F while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit G, the Q1 2024 Earnings Call** – Plaintiff relies on Exhibit G as the source of one of his alleged corrective disclosures purportedly revealing information about revenue growth, usage of Fastly's servers and Fastly's customer retention and sales strategy. *See e.g.*, AC ¶¶ 22-24, 152-62.  Plaintiff also relies on Exhibit G as the source of a challenged statement made by Mr. Nightingale about Fastly's customer retention and sales strategy.  *See e.g.,* AC ¶¶ 28-29, 168.  But Plaintiff points only to certain portions of Exhibit G while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit H, the Q2 2024 Earnings Call** – Plaintiff relies on Exhibit H as the source of one of his alleged corrective disclosures purportedly revealing new information about revenue growth, usage of Fastly's servers, and Fastly's customer retention and sales strategy.  *See e.g.*, AC ¶¶ 33, 181-91.  But Plaintiff points only to certain portions of Exhibit H while omitting portions that do not help his claims.  The full document provides necessary context for Plaintiff's allegations.

- **Exhibit I, the Craig Hallum Report** – Plaintiff cites to Exhibit I in alleging that Fastly's financial results announcements did not adequately explain forecasted weaknesses in support of his securities fraud claims. *See* AC ¶ 134. But Plaintiff points only to certain portions of Exhibit I while omitting portions that do not help his claims. The full document provides necessary context for Plaintiff's allegations.

Because the foregoing exhibits form the basis of Plaintiff's allegations, and are documents upon which Plaintiff himself relies, they are incorporated by reference into the Amended Complaint and are appropriately considered in full by this Court in deciding Defendants' Motion to Dismiss. *See Nvidia*, 2020 WL 1244936, at *5 (incorporating by reference "SEC filings, conference presentations, earnings call transcripts, and articles" for the purpose of determining what was disclosed to the market); *Uber*, 2020 WL 4569846, at *2 (incorporating by reference SEC filings because Plaintiffs' securities fraud theory "depends on" Defendant's financial results); *Bare Escentuals*, 745 F. Supp. 2d at 1066-67 (incorporating by reference SEC filings, press releases and conference call transcripts cited in the complaint); *GoPro,* 2019 WL 1231175, *6 (same).

## B.     All the Exhibits Are Properly Subject to Judicial Notice

Each of the Exhibits is subject to judicial notice because it is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As such, the Court should take judicial notice of Exhibits A through K.

The Court may take judicial notice of Exhibits A, B, C, J, and K because they are all public filings with the SEC. Courts routinely take judicial notice of a company's SEC filings in connection with securities litigation. *See e.g.*, *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of Forms 10K and 10Q because such "documents are not subject to reasonable dispute, and the accuracy of these publicly filed SEC documents cannot reasonably be questioned") (citation omitted); *Wochos v. Tesla, Inc.,* 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Judicial notice is appropriate for SEC filings even where Plaintiff does not

expressly reference them in the Amended Complaint.  *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of additional SEC filings not cited in the complaint); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (same).  Exhibits J and K, SEC Form 4s for Messrs. Nightingale and Kisling, are also filings courts routinely take judicial notice of in connection with evaluating scienter in securities fraud class actions.  *See e.g., In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (explaining that "courts in this district have taken judicial notice of SEC Form[s] 4" "even when those documents were not referenced in the pleadings" because "whether stock sales were made or not made, [is] relevant for the purpose of evaluating scienter"); *Strezsak*, 2024 WL 1160900, at *4 (taking judicial notice of Forms 4); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *5 n. 4, *8 n. 5 (N.D. Cal. Mar. 2, 2012) (same).  This is the case especially when "a plaintiff's allegations rely on a defendant's stock sales." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech.*, Inc., 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013); AC ¶ 218.

Similarly, courts routinely take judicial notice of transcripts of calls with investors discussing financial results and investor conferences because such "documents are not subject to reasonable dispute and can be accurately and readily determined through public websites." *Strezsak,* 2024 WL 1160900, at *4 (taking judicial notice of investor conference transcript); *In re Splunk Inc. Sec. Litig.,* 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *Lamontagne v. Tesla, Inc.,* 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms.*, Inc., 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same).  Plaintiff, here, also expressly relies on Exhibits E through H as the sources of several challenged statements or as evidence of investors' views on Fastly's financial results and therefore cannot reasonably challenge these exhibits' accuracy.  While Plaintiff does not rely on Exhibit D, it is a publicly available earnings call transcript, "the accuracy of which is not reasonably subject to dispute." *Wochos v. Twitter, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).

Lastly, courts can take judicial notice of analyst reports like Exhibit I where "their authenticity and accuracy is not disputed." *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915 (N.D.

Cal. May 18, 2020). Plaintiff here relies on Exhibit I in the Amended Complaint and thus cannot reasonably challenge its authenticity or accuracy. AC ¶ 134. Analyst reports like Exhibit I are also often judicially noticed in securities fraud claims to help determine "whether and when certain information was provided to the market." *In re Apple Inc. Sec. Litig.,* 2020 WL 2857397, at *6; *Weston v. DocuSign, Inc.,* 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (taking judicial notice of analyst reports "to determine the information available to the market"); *In re Century Aluminum Co. Sec. Litig.,* 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst report); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (same). The Court may, therefore, take judicial notice of Exhibit I.

## IV.    CONCLUSION

Defendants respectfully request that the Court consider Exhibits A through K in assessing Defendants' Motion to Dismiss.

Dated: January 15, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/  *Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Samantha Kaplan (Bar No. 353933)
 samantha.kaplan@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,
Todd Nightingale, and Ronald W. Kisling*