LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Samantha Kaplan (Bar No. 353933)
 *samantha.kaplan@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 *daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,
Todd Nightingale, and Ronald W. Kisling*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE FASTLY, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CASE NO.  4:24-cv-03170-JST<br><br>**DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date: April 30, 2026<br>Time: 2:00 P.M.<br>Courtroom: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

## I.     INTRODUCTION

Defendants Fastly, Inc. ("Fastly" or the "Company"), Todd Nightingale, and Ronald W. Kisling (the "Individual Defendants" and collectively, "Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with Defendants' Motion to Dismiss ("Motion to Dismiss") the Second Amended Complaint (Dkt. No. 72, the "SAC" or "Second Amended Complaint") filed by Lead Plaintiff Olger Guri and named plaintiffs Ken Kula, Ericka Billington, and Bhadresh Shah (collectively, "Plaintiffs"):[1]

- **Exhibit A** – a true and correct copy of Fastly's quarterly report on Form 10-Q for the first quarter of 2024 ending March 31, 2024, which was filed with the United States Securities and Exchange Commission ("SEC") on May 1, 2024 ("Q1 2024 10Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit B** – a true and correct copy of Fastly's annual report on Form 10-K for fiscal year 2023, which was filed with the SEC on February 21, 2024 ("FY 2023 10K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit C** – a true and correct copy of Fastly's quarterly report on Form 10-Q for the third quarter of 2023, ending September 30, 2023, which was filed with the SEC on November 1, 2023 ("Q3 2023 10Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit D** – a true and correct copy of the transcript of Fastly's November 1, 2023 call discussing quarterly financial results for the third quarter of 2023 ("Q3 2023 Earnings Call"), which is publicly available on Fastly's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit E** – a true and correct copy of the transcript of Fastly's November 15, 2023 presentation at the RBC Capital Markets 2023 Technology, Internet, Media and Telecommunications Conference ("11/15/23 RBC Conf. Tr."), which is publicly available at https://www.capitaliq.com.

- **Exhibit F** – a true and correct copy of the transcript of Fastly's February 14, 2024 call discussing financial results for the fourth quarter and full year 2023 ("FY 2023 Earnings Call"), which is publicly available on Fastly's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit G** – a true and correct copy of the transcript of Fastly's May 1, 2024 call discussing financial results for the first quarter of 2024 ("Q1 2024 Earnings Call"),

---

[1] The Exhibits are listed in the order they are cited in Defendants' Motion to Dismiss.

which is publicly available on Fastly's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit H** – a true and correct copy of the transcript of Fastly's August 7, 2024 call discussing financial results for the second quarter of 2024 ("Q2 2024 Earnings Call"), which is publicly available on Fastly's website at https://investors.fastly.com/financials/quarterly-and-annual-results/default.aspx.

- **Exhibit I** – true and correct copies of Forms 4 reflecting transactions in Fastly securities by Mr. Kisling during the putative class period in this action (November 15, 2023 - August 7, 2024), which were filed with the SEC and are publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit J** – true and correct copies of Forms 4 reflecting transactions in Fastly securities by Mr. Nightingale during the putative class period in this action (November 15, 2023 - August 7, 2024), which were filed with the SEC and are publicly available on the SEC website at www.sec.gov/edgar.

Each of these documents may properly be considered by the Court in connection with Defendants' Motion to Dismiss because it is (a) incorporated by reference into the Second Amended Complaint and/or (b) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

This Court granted Defendants' identical request for judicial notice of Exhibits A-H in connection with adjudicating Defendants' motion to dismiss Plaintiffs' first amended complaint. *See* Order Granting in Part and Denying in Part Motion to Dismiss, Dkt. 67 (the "Order") at 5-6. The same result should follow here, and the same reasoning should be applied to the remaining Exhibits. Each of the Exhibits is publicly available, and relied upon by Plaintiffs and/or subject to judicial notice under Federal Rule of Evidence 201(b). The Court previously declined to take judicial notice of Exhibits I and J, Individual Defendants' SEC Form 4s, because the Court did not find them relevant to its ruling on Defendants' motion to dismiss the first amended complaint.[2] *Id.* Plaintiffs rely on transactions described in Exhibits I and J to allege the Individual Defendants purportedly made misstatements with an intent to defraud investors. SAC ¶ 240-41. Defendants request this Court consider Exhibits I and J because they are "relevant for the purpose of evaluating

---

[2] In Defendants' previous Request for Judicial Notice and Incorporation by Reference (Dkt. 56), Exhibits I and J were labeled Exhibits J and K.

scienter" in securities class actions. *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017).

## II.    LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); Order at 4-5.

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002; *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020) (complaint's "extensive[]" references to company's financial results warrants incorporating its SEC filings by reference); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings forming the basis of plaintiff's claims were incorporated by reference into complaint); *Park v. GoPro, Inc.,* 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (holding that SEC filings, including those plaintiffs "quoted several times in the Amended Complaint," may be incorporated by reference).

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction" or (b) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Order at 4. "SEC filings pertaining to Fastly and transcripts of calls with analysts and investors" are the types of documents "[c]ourts

routinely take judicial notice of … for the purposes of determining what information was available to the market." *Id.* at 5-6; *see also In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) ("Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims.").

**III.    ARGUMENT**

**A.    The Amended Complaint Incorporates Exhibits A, B and E-J by Reference**

Plaintiffs reference Exhibits A, B, and E through J extensively in the Second Amended Complaint and necessarily rely on them to form the basis of their claims.  These Exhibits are thus properly considered by the Court in their entirety pursuant to the incorporation by reference doctrine.

Plaintiffs extensively cite and quote the following in support of their allegations:

- **Exhibit A, the Q1 2024 10Q** – Plaintiffs rely on Exhibit A as the source of certain challenged statements underlying Plaintiffs' securities fraud claim, including Fastly's risk disclosures and statements about revenue growth, usage of Fastly's servers, and customer retention and sales strategy.  *See, e.g.*, SAC ¶¶ 35, 37, 191-99.

- **Exhibit B, the FY 2023 10K** – Plaintiffs rely on Exhibit B as the source of certain challenged statements underlying Plaintiffs' securities fraud claim, including Fastly's risk disclosures and statements about revenue growth, usage of Fastly's servers, and customer retention and sales strategy.  *See, e.g.*, SAC ¶¶ 22, 152-63.

- **Exhibit E, the 11/15/23 RBC Conf. Tr.** – Plaintiffs rely on Exhibit E as the source of certain challenged statements underlying Plaintiffs' securities fraud claim, including statements about macroeconomic headwinds and revenue growth.  *See, e.g.*, SAC ¶¶ 10, 131-35.

- **Exhibit F, the Q4 2023 Earnings Call** – Plaintiffs rely on Exhibit F as the source of certain challenged statements underlying Plaintiffs' securities fraud claim, including statements about Fastly's revenue growth, customer usage, and customer retention and sales strategy.  *See, e.g.*, SAC ¶¶ 15, 21, 140-50.

- **Exhibit G, the Q1 2024 Earnings Call** – Plaintiffs rely on Exhibit G as the source of one of their alleged corrective disclosures. *See, e.g.*, SAC ¶¶ 24-26, 170-81.  Plaintiffs

also rely on Exhibit G as the source of a challenged statement about Fastly's customer retention and sales strategy. *See, e.g.,* SAC ¶¶ 28, 186-89.

- **Exhibit H, the Q2 2024 Earnings Call** – Plaintiffs rely on Exhibit H as the source of one of their alleged corrective disclosures. *See, e.g.*, SAC ¶¶ 39, 200-12.

- **Exhibit I, Mr. Kisling's Forms 4** – Plaintiffs point to Mr. Kisling's stock sales to allege his scienter. *See* SAC ¶ 240. Plaintiffs could only have gotten this information from Mr. Kisling's SEC Forms 4.

- **Exhibit J, Mr. Nightingale's Form 4:** Plaintiffs point to Mr. Nightingale's stock sales to allege his scienter. *See* SAC ¶¶ 240-41. Plaintiffs could only have gotten this information from Mr. Nightingale's SEC Forms 4.

Plaintiffs point to only portions of each of these Exhibits as purported support for their claims, but Plaintiffs cannot omit other relevant portions of these same documents, particularly where those portions undermine their claims. *Khoja*, 899 F.3d at 1002. The full documents provide necessary context for Plaintiffs' allegations, and courts routinely consider documents integral to the complaint to prevent just this sort of cherry-picking and to adjudicate plaintiffs' allegations in context. *See Sneed v. Talphera, Inc.*, 147 4th 1123, 1131 (9th Cir. 2025) (explaining that in cases alleging securities fraud, the court must "look at the context surrounding the statement … [including] information outside the immediate document"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[F]alse statements must be analyzed in context").

**SEC Filings and Investor Call Transcripts**: Exhibits A, B and E through H are Fastly's annual and quarterly financial statements on Forms 10-K and Forms 10-Q, and transcripts from Fastly's earnings calls and an investor conference. Plaintiffs cite these Exhibits throughout the Second Amended Complaint. *See, e.g.*, SAC ¶¶ 10, 15, 21, 22, 28, 35, 37, 131-35, 140-50, 152-63, 186-89, 200-12, 191-99, 240-41. Each of these Exhibits forms the basis of Plaintiffs' allegations, and are documents upon which Plaintiffs themselves rely, and thus are incorporated by reference into the Second Amended Complaint and are appropriately considered in full by this Court in deciding Defendants' Motion to Dismiss. *See Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating by reference SEC

filings and other financial documents because Plaintiff "relies upon the exhibits, quotes them, or refers to them in the Amended Complaint"); *Uber*, 2020 WL 4569846, at *2 (incorporating by reference SEC filings because Plaintiffs' securities fraud theory "depends on" Defendant's financial results); *Bare Escentuals*, 745 F. Supp. 2d at 1066-67 (incorporating by reference SEC filings, press releases and conference call transcripts cited in the complaint); *GoPro,* 2019 WL 1231175, *6 (same). This includes documents which are the source of the challenged statements or alleged corrective disclosures. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 n.2 (considering cautionary statements, risk disclosures, and the context provided in documents containing allegedly misleading statements in deciding defendant's motion to dismiss)*; Mendoza v. HF Foods Grp. Inc.,* 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (source that allegedly "revealed the truth" incorporated by reference).

**Forms 4**. Exhibits I and J—Forms 4 that Fastly filed with the SEC detailing certain stock transactions by the Individual Defendants—are also incorporated by reference in the Second Amended Complaint. Plaintiffs point to purported stock holdings and sales by the Individual Defendants in connection with their allegations that each Defendant acted with scienter. *See* SAC ¶¶ 240-41. Indeed, Plaintiffs "clearly gleaned" information regarding the Individual Defendants' trades and trading history from Fastly's publicly filed Forms 4 in order to make these allegations in the Second Amended Complaint, and they are therefore incorporated by reference. *Khoja,* 899 F.3d at 1002-03; *Strezsak v. Ardelyx, Inc.*, 2024 WL 1160900, at *3 (N.D. Cal. Mar. 18, 2024) (Forms 4 incorporated by reference as they "either form the basis of the plaintiff's claim or are referred to extensively in the SAC").

**B.     All the Exhibits Are Properly Subject to Judicial Notice**

Each of the Exhibits can be properly considered by the Court in adjudicating the Motion to Dismiss because it is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). This Court previously granted Defendants' request for judicial notice of Exhibits A through H because they are "SEC filings pertaining to Fastly and transcripts of calls with analysts and

investors" and "Plaintiffs do not dispute their authenticity and accuracy." Order at 5-6. The Court should take judicial notice of each Exhibit.

The Court may also take judicial notice of Exhibits A, B, C, I, and J because they are all public filings with the SEC. "Courts routinely take judicial notice of those types of documents for the purpose of determining what information was available to the market." *Id.*; *See also*, *Strezsak*, 2024 WL 1160900, at *4 (taking judicial notice of Forms 10K and 10Q because such "documents are not subject to reasonable dispute, and the accuracy of these publicly filed SEC documents cannot reasonably be questioned"); *Wochos v. Tesla, Inc.,* 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Judicial notice is appropriate for SEC filings even where Plaintiffs do not expressly reference them in the Second Amended Complaint. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of additional SEC filings not cited in the complaint); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (same).

The Court previously declined to take notice of Exhibits I and J (SEC Forms 4) because they were "not relevant to the resolution of the present motion." Order at 6. Plaintiffs' Second Amended Complaint alleges that Defendants' purported motive to defraud investors is shown through their transactions in Fastly stock. *See* SAC ¶¶ 240-41 (alleging stock sales by Nightingale and Kisling as purported support for scienter allegations). The Forms 4 are the only possible source of Plaintiffs' allegations regarding those transactions. Courts routinely consider Forms 4 in connection with motions to dismiss in securities fraud class actions, and the Court should do so here. *See, e.g., Solarcity*, 274 F. Supp. 3d at 988 (explaining that "courts in this district have taken judicial notice of SEC Form[s] 4" "even when those documents were not referenced in the pleadings" because "whether stock sales were made or not made, [is] relevant for the purpose of evaluating scienter"); *Strezsak*, 2024 WL 1160900, at *4 (taking judicial notice of Forms 4); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *5 n. 4, *8 n. 5 (N.D. Cal. Mar. 2, 2012) (same). This is the case especially when "a plaintiff's allegations

rely on a defendant's stock sales" as Plaintiffs expressly do here. *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech.*, Inc., 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013).

The Court should also take judicial notice of Exhibits D-H, transcripts of Fastly's calls or conferences with investors. Courts routinely take judicial notice of these transcripts because such "documents are not subject to reasonable dispute and can be accurately and readily determined through public websites." *Strezsak,* 2024 WL 1160900, at *4 (taking judicial notice of investor conference transcript); *In re Splunk Inc. Sec. Litig.,* 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *Lamontagne v. Tesla, Inc.,* 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms.*, Inc., 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same); *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (taking judicial notice of earnings call transcript not referred to in complaint because it "constitute[s] the subject matter of the claim: Tesla's pubic statements" and is "not reasonably subject to dispute"). Plaintiffs, here, also expressly rely on Exhibits E through H as the sources of several challenged statements or as evidence of investors' views on Fastly's financial results and therefore cannot reasonably challenge these exhibits' accuracy.

## IV.    CONCLUSION

Defendants respectfully request that the Court consider Exhibits A through J in assessing Defendants' Motion to Dismiss.

Dated: December 9, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/  *Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Samantha Kaplan (Bar No. 353933)
*samantha.kaplan@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
*daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,*
*Todd Nightingale, and Ronald W. Kisling*