1    **POMERANTZ LLP**
2    Jennifer Pafiti (SBN 282790)
     1100 Glendon Avenue, 15th Floor
3    Los Angeles, California 90024
     Telephone: (310) 405-7190
4    jpafiti@pomlaw.com

5    *Co-Lead Counsel for Plaintiffs*

6    *[Additional Counsel on Signature Page]*

7

8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND DIVISION
10

11   | IN RE FASTLY, INC. SECURITIES | Case No. 4:24-cv-03170-JST |
     | LITIGATION | |
12   | | CLASS ACTION |

13   | | PLAINTIFFS' OPPOSITION TO |
14   | | DEFENDANTS' REQUEST FOR |
     | | INCORPORATION BY REFERENCE AND |
15   | THIS DOCUMENT RELATES TO: | JUDICIAL NOTICE IN SUPPORT OF |
     | All Actions | MOTION TO DISMISS SECOND |
16   | | AMENDED CLASS ACTION COMPLAINT |
     | | FOR VIOLATIONS OF THE FEDERAL |
17   | | SECURITIES LAWS |

18

19

20

21

22

23

24

25

26

27

28   {00652467;23 }

                  OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

**TABLE OF CONTENTS**

I.    LEGAL STANDARD ............................................................................................ 1

II.   ARGUMENT ...................................................................................................... 2

    A.    The Court Cannot Take Judicial Notice of the November 1, 2023 Call Transcript for The Improper Purpose for Which Defendants Offer It ................................... 2

    B.    The Court Cannot Consider the November 15, 2023 Call Transcript to Resolve Factual Disputes ........................................................................................ 4

    C.    The Court Should, Again, Disregard Kisling's Forms 4 as Irrelevant .................. 6

III.  CONCLUSION ................................................................................................... 7

i

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Blake v. Canoo Inc.*,
  2022 WL 22919489 (C.D. Cal. July 19, 2022)..................................................................2

*Bliss v. Adewusi*,
  2024 WL 1912589 (D. Or. Apr. 27, 2024) ......................................................................5

*Bos. Ret. Sys. v. Uber Techs., Inc.*,
  2020 WL 4569846 (N.D. Cal. Aug. 7, 2020) ..................................................................4

*Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*,
  2012 WL 685344 (N.D. Cal. Mar. 2, 2012).....................................................................7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  2013 WL 6441843 (N.D. Cal. Dec. 9, 2013)....................................................................7

*In re Apple Inc. Sec. Litig.*,
  2020 WL 2857397 (N.D. Cal. June 2, 2020)....................................................................4

*In re Bare Escentuals, Inc. Sec. Litig.*,
  745 F. Supp. 2d 1052 (N.D. Cal. 2010) ...........................................................................5

*In re Nuvelo, Inc. Sec. Litig.*,
  2008 WL 5114325 (N.D. Cal. Dec. 4, 2008) ...................................................................5

*In re Plantronics, Inc. Sec. Litig.*,
  2021 WL 8572663 (N.D. Cal. Mar. 29, 2021)..................................................................5

*In re SolarCity Corp. Sec. Litig.*,
  274 F. Supp. 3d 972 (N.D. Cal. 2017) ..........................................................................5, 6

*In re Splunk Inc. Sec. Litig.*,
  592 F. Supp. 3d 919 (N.D. Cal. 2022) .............................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .............................................................................1, 2, 4, 6

*Lamontagne v. Tesla, Inc.*,
  2024 WL 4353010 (N.D. Cal. Sep. 30, 2024) .................................................................5

*Mendoza v. HF Foods Grp. Inc.*,
  2021 WL 3772850 (C.D. Cal. Aug. 25, 2021)..................................................................4

*Park v. GoPro, Inc.*,
    2019 WL 1231175 (N.D. Cal. Mar. 15, 2019).........................................................5

*Peterson v. TriplePoint Venture Growth BDC Corp.*,
    2024 WL 5384678 (N.D Cal. Aug. 7, 2024) ..........................................................4

*Sneed v. AcelRx Pharms., Inc.*,
    2022 WL 4544721 (N.D. Cal. Sep. 28, 2022) ........................................................5

*Strezsak v. Ardelyx Inc.*,
    2024 WL 1160900 (N.D. Cal. Mar. 18, 2024).....................................................5, 6

*Weston v. DocuSign, Inc.*,
    669 F. Supp. 3d 849 (N.D. Cal. 2023) ...............................................................2, 5

*Wochos v. Tesla, Inc.*,
    2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) .......................................................5

**Rules and Regulations**

17 C.F.R. § 240.10b-5.................................................................................................6

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

Fed. R. Evid. 201 .......................................................................................................2

Plaintiffs[1] submit this opposition to Defendants' request for incorporation by reference and judicial notice, which improperly asks the Court to consider certain exhibits to support their counter-narrative of the facts. Specifically, Defendants ask the Court to take judicial notice of a transcript of a call that took place before the Class Period on November 1, 2023, and proffer an interpretation of statements made on the call, which is not supported by the transcript, for the purpose of contradicting facts alleged in the SAC and urging the Court to reconsider its prior rulings. This is improper. Defendants also ask the Court to revisit its ruling upholding the claims related to a statement made during a November 15, 2023 call, contending that the statement as alleged in the SAC is contradicted by their grammatically nonsensical transcription of the statement. Even if the Court were permitted to consider this argument on a second motion to dismiss—it is not, for the reasons discussed in Plaintiffs' opposition to the motion to dismiss—the purpose for which they ask the Court to deem the November 15, 2023 call transcript incorporated by reference, or to take judicial notice of it, is impermissible. The Court cannot deem their version of the transcript, which Plaintiffs challenge as inaccurate, the correct version on a motion to dismiss. Finally, notwithstanding the fact that the SAC does not include any new allegations related to Kisling's stock transactions and the Court already determined his Forms 4 reflecting his stock transactions are irrelevant on the motion to dismiss, Defendants, again, ask the Court to consider them here. The Court should decline to do so. Moreover, to the extent the Court considers any of the exhibits that Defendants offer, it should not do so for the truth of the matters asserted therein or for the purpose of resolving factual disputes.

## I.    LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as in the Second Amended Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 72) (the "SAC") (cited as "¶__"), emphasis is added, and internal quotation marks and citations are omitted. Defendants' brief (ECF No. 76) is cited herein as "Br." "Exhibit" references are to attachments to the Declaration of Daniel R. Gherardi in Support of Defendants' Motion to Dismiss the SAC (ECF No. 75-2).

1
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

*v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018). There are two limited exceptions: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. While "unlike judicial notice, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss," "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

In addition, courts may take judicial notice of matters of public record if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it "is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). However, "a court cannot take judicial notice of disputed facts contained in . . . public records." *Khoja*, 899 F.3d at 999.

## II.    ARGUMENT

### A.    The Court Cannot Take Judicial Notice of the November 1, 2023 Call Transcript for The Improper Purpose for Which Defendants Offer It

Defendants ask the Court to take judicial notice of the November 1, 2023 call transcript (Exhibit D, ECF No. 75-7), which they concede is not incorporated by reference in the SAC, to support their counter-narrative of purported "facts" that conflicts with the well-pled facts alleged in the SAC. However, "[i]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the transcript establishes." *Khoja*, 899 F.3d at 1000. *See also Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) ("Although I may assume the contents of these transcripts to be true, ***I will not to the extent that such assumptions only serve to dispute facts stated in the [complaint].***"); *Blake v. Canoo Inc.*, 2022 WL 22919489, at *2 (C.D. Cal. July 19, 2022) (refusing to take judicial notice of call transcript where neither the transcript nor the specific statement were referenced in the complaint and "plaintiff's opposition . . . raise[d] a reasonable dispute as to what the transcript establishes").

Here, Defendants suggest the November 1, 2023 transcript supports the contention that Fastly disclosed the very macroeconomic impacts *that the Court previously found were concealed* (ECF No. 67 ("Order") at 12) *and that the SAC alleges were concealed* (¶135). ECF No. 75 at 3, 8-9, 12-13. Plaintiffs' dispute that interpretation. The transcript indicates that Nightingale reported that LTM NRR and DBNER—metrics that measure revenue growth (¶¶79, 83) and that are critically, silent as to the cause of any fluctuations—were "slightly" down and that while Fastly was "starting to see some effects of budget tightening by [its] customers," Fastly *continue[d] to see strength in customer expansion*." ECF No. 75-7 at 3. When later asked for more detail about "the spending environment and some of the budget tightening," Nightingale replied:

> We see budget tightening in some of our accounts that can lead to vendor consolidation. . . . *That tends to be good news for us. Because, as the performance leader in almost all those deals, they tend to want Fastly to be part of their solution* . . . . There are some cases where we've seen deals taking a little longer to close, as more approvals are needed. I think that might be the nature of the current economic environment that we're in *and we haven't seen those deals dissolve*. We've seen them take a slightly longer than usual, but we're tracking that very carefully, kind of – I might have a little bit more *interesting information* next quarter on it, *but we haven't really been too worried about it so far*, but we're noticing something.

*Id.* at 9-10. Thus, Nightingale spun the "budget tightening" in a positive light for Fastly and contrary to Defendants' characterization, did not disclose the macroeconomic impacts that were currently affecting Fastly's business (*i.e.*, pricing pressure and declining usage and revenue from the Company's Key Customers). The Court cannot take judicial notice of the transcript to resolve the parties' dispute as to what it establishes.

Further, Defendants' suggestion that the November 1, 2023 call transcript is necessary for understanding the context of, and interpreting, Statement 2 (ECF No. 75 at 8-9) both strains credulity and is belied by the fact that the Court was able to interpret Statement 2 without considering the November 1, 2023 transcript on the first motion to dismiss. The SAC quotes a question directed to Nightingale during the November 15, 2023 call, which stated "on the last earnings call, you did talk about some budget tightening that you had started to see," and asked Nightingale "What's changed that you're seeing that now and you weren't seeing it a couple

quarters ago?" ¶133. Thus, the question specifically identified the pertinent statement from the "last earnings call" and no additional context is necessary to understand Nightingale's misleading response about present conditions (¶¶134-35). Defendants merely use the transcript to propound their own version of the "facts" that conflict with the SAC's allegations. *See Khoja*, 899 F.3d at 998-99 (the "unscrupulous use of extrinsic documents to resolve competing theories" runs afoul of "the purpose of judicial notice"). The Court should decline to take judicial notice of the November 1, 2023 call transcript and should disregard Defendants' improperly propounded counter-narrative.

**B.    The Court Cannot Consider the November 15, 2023 Call Transcript to Resolve Factual Disputes**

The Court previously acknowledged that it could not take judicial notice of the November 15, 2023 call transcript "for the truth of the matters asserted therein or for the purpose of resolving factual disputes." Order at 6. Defendants, nevertheless, now ask the Court to do so here. Specifically, Defendants ask the Court to conclude that their grammatically illogical version of Statement 2 contained in the November 15, 2023 transcript (Exhibit E, ECF No. 75-8 at 7) ("competitors are seeing these [macro] effects ***and slowing your growth***") is accurate rather than Plaintiffs' memorialization of the audio file (¶134).[2] ECF No. 75 at 8. However, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Defendants' authority (Br. at 5-6) does not support otherwise. *Peterson v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D Cal. Aug. 7, 2024) (plaintiff "[did] not dispute the authenticity or accuracy" of the document); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (similar); *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020) (similar); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (plaintiff did not oppose that the documents were incorporated by reference or subject to judicial notice);

---

[2] Although a motion to dismiss is not the appropriate procedural juncture to resolve this factual dispute, the audio file is publicly available and can be submitted to the Court upon request.

1     *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (no dispute as to

2     transcript's accuracy); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D.

3     Cal. 2010) (same).

4           Likewise, the Court is not permitted to take judicial notice of the call transcript to dispute

5     the SAC's allegations with an inaccurate transcription of Nightingale's statement. *See Weston*, 669

6     F. Supp. 3d at 872 ("Although I may assume the contents of these transcripts to be true, ***I will not***

7     ***to the extent that such assumptions only serve to dispute facts stated in the [complaint]***."); *In re*

8     *Plantronics, Inc. Sec. Litig.*, 2021 WL 8572663, at *4 (N.D. Cal. Mar. 29, 2021) (declining to take

9     judicial notice of transcript where defendant cited it for a factual proposition but failed to cite any

10    specific statements in the transcript supporting that factual proposition); *In re Nuvelo, Inc. Sec.*

11    *Litig.*, 2008 WL 5114325, at *3 (N.D. Cal. Dec. 4, 2008) ("Because there is a dispute about the

12    accuracy of these transcripts and taking judicial notice of them is not necessary to the result here,

13    the court declines to do so at this time."); *Bliss v. Adewusi*, 2024 WL 1912589, at *2 (D. Or. Apr.

14    27, 2024) (denying judicial notice of transcripts of audio because it was disputed as to whether the

15    audio was properly transcribed and the transcript was accurate)

16          None of the cases Defendants rely upon (Br. at 8) supports otherwise. *See In re SolarCity*

17    *Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (plaintiffs did not challenge the

18    transcripts' accuracy, which was the basis for allowing it to be used); *Strezsak v. Ardelyx Inc.*,

19    2024 WL 1160900, at *3-4 (N.D. Cal. Mar. 18, 2024) (same); *In re Splunk Inc. Sec. Litig.*, 592 F.

20    Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *Lamontagne v. Tesla, Inc.*, 2024 WL 4353010, at *3

21    n.4 (N.D. Cal. Sep. 30, 2024) ("Plaintiffs do not object to the Court taking judicial notice of each

22    of these documents."); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sep.

23    28, 2022) (the documents' "accuracy is not disputed by Plaintiffs"); *Wochos v. Tesla, Inc.*, 2018

24    WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (plaintiffs did not challenge the documents'

25    accuracy).

26          Regardless, Defendants' version of Statement 2—"I've gotten this question in each

27    earnings call about – what are we seeing from the macro, my competitors are seeing these effects

28    

and slowing your growth, and we're not seeing that" (ECF No. 75-8 at 7)—does not even undercut falsity, as Defendants suggest. Ignoring the grammatically illogical middle clause, Nightingale still misleadingly said that Fastly's "competitors are seeing these [macro] effects" but "**we're not seeing that.**" *Id.* Thus, this version of Statement 2 is also misleading.

## C.    The Court Should, Again, Disregard Kisling's Forms 4 as Irrelevant

The Court previously declined to take judicial notice of Kisling's Forms 4 (Exhibit I, ECF No. 75-12) and Nightingale's Forms 4 (Exhibit J, ECF No. 75-13) as "not relevant to the resolution of the [motion to dismiss]." Order at 6. While the SAC added allegations regarding what *Nightingale's* Forms 4 state regarding his performance-based restricted stock units ("PRSUs") (¶241), there are no similar amendments referencing Kisling's Forms 4 or stock transactions. Defendants' authority lends no support for their contention that the Forms 4 are incorporated by reference because the SAC "gleaned" information from them. Br. at 6. They mischaracterize *Strezsak*, 2024 WL 1160900, at *3-4, as finding Forms 4 incorporated by reference because they "form[ed] the basis of the plaintiff's claim" (Br. at 6) but the Court took *judicial notice* of them, and solely for the limited purpose of "prov[ing] that stock sales were made pursuant to a Rule 10b5-1 trading plan." Further, *Khoja* recognized it is "rare" when "assessing the sufficiency of a claim requires that the document at issue be reviewed" and where, like here, defendants offer the document merely as a "defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." 899 F.3d at 1002. The Court cautioned that allowing defendants to do so would permit them to "use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* That is what Defendants attempt to do here. Accordingly, Kisling's Forms 4 are not incorporated by reference and the Court should, again, decline to take judicial notice of Kisling's Forms 4 as irrelevant to the present motion.[3]

---

[3] Defendants' authority cited in support of judicial notice (Br. at 7-8) is distinguishable. *See Solarcity*, 274 F. Supp. 3d at 988 (stock sales were relevant for evaluating that defendants' scienter); *Strezsak*, 2024 WL 1160900, at *4, *8-9 (taking judicial notice of Forms 4 "to prove that stock sales," which plaintiffs alleged were suspicious, "were made pursuant to a Rule 10b5-1

1

## III.    CONCLUSION

2        For the foregoing reasons, the Court should decline to take judicial notice of Defendants'

3   Exhibit D (the November 1, 2023 call transcript); decline to take judicial notice of, or find

4   incorporated by reference, Defendants' Exhibit E (the November 15, 2023 call transcript) for the

5   improper purposes for which Defendants offer it; and decline to take judicial notice of, or find

6   incorporated by reference, Kisling's Forms 4 (Exhibit I). In addition, the Court should disregard

7   Defendants' improper arguments, and counter-narrative of facts, related to Exhibits D, E, and I.

8   To the extent the Court is inclined to consider any of Defendants' exhibits (including those that

9   Plaintiffs do not specifically challenge herein), Plaintiffs request that the Court only do so to the

10  extent of noting their existence and contents, not for the truth of the matters asserted therein or to

11  resolve factual disputes.

12

13   Dated: January 26, 2026                     Respectfully submitted,

14                                               POMERANTZ LLP

15                                               */s/ Murielle J. Steven Walsh*
                                                 Murielle J. Steven Walsh (*pro hac vice*)
16                                               Emily C. Finestone (*pro hac vice*)
                                                 600 Third Avenue, 20th Floor
17                                               New York, New York 10016
                                                 Telephone: (212) 661-1100
18                                               Facsimile: (917) 463-1044
                                                 mjsteven@pomlaw.com
19                                               efinestone@pomlaw.com

20                                               POMERANTZ LLP
                                                 Jennifer Pafiti (SBN 282790)
21                                               1100 Glendon Avenue, 15th Floor
                                                 Los Angeles, California 90024
22                                               Telephone: (310) 405-7190
                                                 jpafiti@pomlaw.com
23
                                                 THE SCHALL FIRM
24

25   trading plan"); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344,
     at *8 (N.D. Cal. Mar. 2, 2012) (considering stock sales in assessing scienter); *City of Dearborn
26   Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal.
     Dec. 9, 2013) (taking judicial notice of Forms 4 where "plaintiff's allegations rely on a defendant's
27   stock sales").

28   {00652467;23 }

Brian Schall
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Co-Lead Counsel for Plaintiffs*