LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Samantha Kaplan (Bar No. 353933)
 samantha.kaplan@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
 daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,
Todd Nightingale, and Ronald W. Kisling*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE FASTLY, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CASE NO.  4:24-cv-03170-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date: April 30, 2026<br>Time: 2:00 P.M.<br>Courtroom: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

## I.  INTRODUCTION

Each Exhibit referenced in Defendants' Request For Incorporation By Reference And Judicial Notice (the "Request," Dkt. 76) is incorporated by reference into the Second Amended Complaint (Dkt. 72, the "SAC"), subject to judicial notice, or both.  Plaintiffs concede as much for all but three Exhibits:  Plaintiffs claim the Court cannot consider the context provided by two publicly available Fastly investor call transcripts that the Court previously judicially noticed (Exs. D & E), and a publicly available record of stock transactions of the type countless courts consider in securities actions (Ex. I).  Plaintiffs' objections are wrong.  Although the Court need not consider Defendants' Exhibits to dismiss the SAC, Defendants respectfully submit that the Request should be granted in full.

## II.  ARGUMENT

### A.  Plaintiffs Concede The Court May Consider Exhibits A-C, F-H, And J

Plaintiffs do not object to the Court's consideration of Exhibits A, B, C, F, G, H, and J, Fastly SEC filings and/or earnings call transcripts, and therefore concede consideration of these Exhibits is proper.  *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *8 n.4 (N.D. Cal. Mar. 31, 2023) (plaintiffs' objection to an exhibit is "waived" where "their RJN briefing contains no argument about that exhibit").  The Court previously took judicial notice of Exhibits A, B, C, F, G, and H in connection with Defendants' motion to dismiss the first amended complaint.  *See* Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. 67(, the "Order"), at 5-6.  The Court may again consider these exhibits as subject to judicial notice and/or incorporated by reference.  *See* Request at 4-8.

Though the Court did not take notice of Exhibit J, Nightingale's SEC Forms 4, because this Exhibit was not necessary to its ruling on Defendants' motion to dismiss the first amended complaint (Order at 6), Plaintiffs do not oppose Defendants' request that Exhibit J be judicially noticed and/or incorporated by reference here.  *See* Request at 6-8.

The Court may consider each of Exhibits A, B, C, F, G, H, and J under judicial notice for what was available to investors through publicly available Fastly disclosures.  While Plaintiffs suggest in passing that the Court cannot consider these Exhibits "for the purpose of resolving

factual disputes," Opposition to the Request (Dkt. 80, "RJN Opp.") at 1, 7, they do not identify what any such dispute might be.

And for the Exhibits that are incorporated by reference into the SAC—Exs. A, B, F, G, H and J (Request at 4-5)—the Court may consider the truth of the contents of those Exhibits. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (document incorporated by reference is considered "part of the complaint" and the court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."); RJN Opp. at 2. While "the truth of an incorporated document may not be considered *solely* to dispute *well-pled* facts," the Court "need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint." *Kampe v. Volta Inc.*, 2024 WL 4534732, at *4 (N.D. Cal. Oct. 21, 2024).

**B.    Exhibit D Is Subject To Judicial Notice**

The Court previously took judicial notice of Exhibit D, the transcript from Fastly's November 1, 2023 earnings call, noting that courts "routinely" notice "transcripts of calls with analysts and investors" for the purpose of "determining what information was available to the market." Order at 5-6. The Request seeks judicial notice of Exhibit D for the same purpose. Request at 2. Plaintiffs do not challenge the accuracy or authenticity of Exhibit D or otherwise claim that it does not meet the requirements for judicial notice under Federal Rule of Evidence 201(b). Instead, Plaintiffs argue the Court cannot consider Exhibit D because it directly undermines their falsity allegations. RJN Opp. at 2-3. That is wrong.

Exhibit D is a transcript of an earnings call with investors just two weeks before Defendants made the first statements that Plaintiffs challenge. SAC ¶¶ 131-35 (Statements 1 and 2). Plaintiffs acknowledge the earnings call occurred. SAC ¶¶ 19, 100, 133-34. They also rely on allegations from purported former Fastly employees about an internal Fastly meeting that "occurred a week after" the November 1, 2023 call and was a "recap of what was discussed during the earnings call." SAC ¶¶ 100-102.

The Ninth Circuit recently made clear that the Court must consider the full context of the statements Plaintiffs challenge in the SAC, including "information outside the immediate document" containing those statements. *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir.

2025) (court must consider the "context surrounding" a statement in assessing allegations that the statement was false when made, including "information outside the immediate document"); *see also Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014) (courts may consider context outside of challenged statement to see whether "the market already knew" of the allegedly concealed information); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* thus did not eradicate the rule that alleged false statements 'must be analyzed in context.'").  That the November 1 earnings call was two weeks before Plaintiffs' conveniently chosen start of the Class Period, RJN Opp. at 1, is irrelevant.  *See Menon v. Maxeon Solar Techs., Ltd.*, 2025 WL 1223559, at *1 n.1 (N.D. Cal. Apr. 28, 2025) (taking judicial notice of SEC filings and earnings call transcripts, including those "dated outside of the class period" because "[they] can still provide context to the dispute between the parties, including what was the mix of information known to investors"); *Wozniak v. Align Tech., Inc.*, 2011 WL 2269418, at *7 n.5 (N.D. Cal. June 8, 2011) (exhibit "filed two months prior to the beginning of the Class Period" properly considered because "it constitutes part of the 'total mix of information' available to investors" and "was incorporated in class-period statements").

Similarly, Plaintiffs' objection to Exhibit D because its contents are purportedly subject to multiple "interpretations," RJN Opp. at 2, is baseless and irrelevant to the standard for judicial notice under Federal Rule of Evidence 201(b).  *See Reckstin Family Trust v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 966 (N.D. Cal. Feb. 22, 2024) (rejecting objection that materials filed with SEC are "susceptible to 'varying interpretations,' and are therefore improper subjects of judicial notice").

The cases Plaintiffs cite, RJN Opp. at 2, do not support their position that the Court cannot notice Exhibit D as part of its analysis of the context for the Challenged Statements. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (finding district court erred in noticing investor call transcript where key statements about existence of a drug study were "not entirely consistent" within the transcript); *Blake v. Canoo Inc.*, 2022 WL 22919489, at *2 (C.D. Cal. July 19, 2022) (declining to notice transcript of an investor call where "neither the transcript nor the specific statement were referenced" in the complaint); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (discussing incorporation by reference, not judicial notice).

**C.   Exhibit E Is Subject To Judicial Notice And Incorporated by Reference**

The Court also previously took notice of Exhibit E, the transcript of the November 15, 2023 analyst call that contains two Challenged Statements (SAC ¶¶ 131-35 (Statements 1 and 2)), to show what "information was available to the market."  Order at 5-6.  Defendants again ask the Court to consider Exhibit E under judicial notice *and* incorporation by reference.  Request at 2.

Plaintiffs do not dispute that the Court may consider Exhibit E.  Instead, they appear to challenge a portion of Exhibit E in which Nightingale made Challenged Statement 2, because that portion of the transcript allegedly conflicts with "Plaintiffs' memorialization" of a supposed "audio file" of the analyst call that they have not cited, proffered as an exhibit, or otherwise substantiated.  RJN Opp. at 4.  Other than Plaintiffs' say-so, and their contention that Exhibit E's transcription must be incorrect because it is "grammatically illogical," Plaintiffs offer no support for their objection that any portion of Exhibit E is inaccurate.  *Id.*  The transcript in Exhibit E was published by S&P Global Market Intelligence, a reputable source for public company conference call transcripts, of the sort that courts routinely notice in securities cases.  *See, e.g.*, *Kampe v. Volta Inc.*, 2024 WL 308262, at *7 (N.D. Cal. Jan. 26, 2024) (taking judicial notice of two earnings call transcripts published by S&P Global); *see also Bodri v. GoPro*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of investor conference transcripts); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (same).

Plaintiffs also do not dispute that Exhibit E is incorporated by reference in the SAC nor do they explain how their claim that they heard a different transcription in a supposed audio file they have not cited or provided to the Court fits into the analysis of how the Court treats a document that is incorporated by reference and thus is "part of the complaint itself."  *Kampe*, 2024 WL 4534732, at *4 (quoting *Khoja,* 899 F.3d at 1002).  Because the SAC's allegations of what Nightingale said in Statement 2 are "contradicted by documents referenced in the complaint," *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *3 (N.D. Cal. Mar. 18, 2024), the Court need not accept Plaintiffs' contrary representation.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

All of Plaintiffs' authority, RJN Opp. at 5, is inapposite. In *In re Plantronics, Inc. Securities Litigation*, the court declined to take judicial notice of an earnings call transcript from "several months after the class period" where defendants did not identify what "specific statements" in that transcript supported their arguments.  2021 WL 8572663, at *4 (N.D. Cal. Mar. 29, 2021).  In *In re Nuvelo, Inc. Securities Litigation*, the court declined to take notice of two conference call transcripts over plaintiffs' objection as to their accuracy where the transcripts "were not referenced in the complaint" and were "not necessary to the result" of granting defendants' motion to dismiss. 2008 WL 5114325, at *3 (N.D. Cal. Dec. 4, 2008).  And in *Bliss v. Adewusi*, the court held that it would not incorporate by reference transcripts of a witness' interrogation that diverged from audio recordings in "material" ways—a far cry from a transcript of a public investor conference call in a securities case.  2024 WL 1912589, at *2 (D. Or. Apr. 27, 2024).

**D.    Exhibit I Is Subject To Judicial Notice And Incorporated By Reference**

Plaintiffs object to judicial notice or incorporation by reference of Exhibit I, Kisling's Forms 4.  They do not dispute (and indeed their own authority recognizes) that Forms 4 are routinely subject to judicial notice or incorporated by reference in securities cases for the purpose offered here, to show Kisling's stock sales (including whether they were non-discretionary) and trading history as part of the analysis of whether the SAC pleads a strong inference of scienter. *See Plantronics*, 2021 WL 8572663, at *3 (RJN Opp. at 5); *see also Ardelyx*, 2024 WL 1160900, at *3-4 (contrary to Plaintiffs' description, finding compilation of Forms 4 (there, Exhibit P) *both* incorporated by reference *and* subject to judicial notice).

Instead, Plaintiffs seemingly argue that the Court may consider Nightingale's Forms 4 (Exhibit J) but not Kisling's (Exhibit I) because the SAC added stock sale allegations only about Nightingale.  Opp. at 6.  But the SAC continues to allege Kisling's stock sales under the heading "Scienter Allegations," SAC ¶ 240, and Defendants have argued that such allegations are insufficient to allege scienter because they are nondiscretionary and made only to cover tax obligations for equity grants.  *See* Defendants' Motion to Dismiss the SAC (Dkt. 75, the "Motion to Dismiss")  at 19.  To the extent that Plaintiffs continue to rely on Kisling's stock sales as part of their scienter allegations (even though they have dropped this argument in their Opposition to

Defendants' Motion to Dismiss), the Court may consider Exhibit I (like Exhibit J) both as subject to judicial notice and incorporated by reference.  *See* Request at 6-8.

## III.    CONCLUSION

Defendants respectfully request that the Court consider Exhibits A through J in assessing Defendants' Motion to Dismiss.

Dated: February 19, 2026                          Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Melanie M. Blunschi*
　　Melanie M. Blunschi (Bar No. 234264)
　　 *melanie.blunschi@lw.com*
　　Samantha Kaplan (Bar No. 353933)
　　 *samantha.kaplan@lw.com*
　　505 Montgomery Street, Suite 2000
　　San Francisco, CA 94111
　　Telephone: +1.415.391.0600

　　Daniel R. Gherardi (Bar No. 317771)
　　 *daniel.gherardi@lw.com*
　　140 Scott Drive
　　Menlo Park, CA 94025-1008
　　Telephone: +1.650.328.4600

*Attorneys for Defendants Fastly, Inc.,*
*Todd Nightingale, and Ronald W. Kisling*